IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MILAGROS NIEVES RÍOS; VICTOR J. RIVERA NIEVES; VICMARIE RIVERA NIEVES; VÍCTOR M. RIVERA LÓPEZ; ALEXANDER RIVERA NIVES; LUZ M. RIVERA CALDERO,**<br>     Plaintiffs,<br><br>v.<br><br>**MENNONITE GENERAL HOSPITAL, INC. D/B/A HOSPITAL GENERAL MENONITA, INC. D/B/A HOSPITAL MENONITA CAYEY AND/OR CENTRO MÉDICO MENONITA CAYEY, et. al.**<br>     Defendants. | Civil No. 24-1108 (ADC) (MBA) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Strike Defendants Jardín del Edén, Inc.'s and Universal Insurance Co.'s affirmative defenses included in the answer to the Complaint pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 55). Plaintiffs ask the Court to dismiss eight of Jardín del Edén and Universal's affirmative defenses as "improper and legally insufficient," and to order Jardín del Edén and Universal to replead seventeen of the affirmative defenses with "specific factual support." (ECF No. 55 at 7). Jardín del Edén and Universal opposed, arguing that the Plaintiffs have failed to meet their burden and that the motion to strike should therefore be denied. (ECF No. 64). U.S. District Judge Aida M. Delgado-Colón referred the case to me for full pretrial management and all non-dispositive motions for disposition. (ECF No. 68).

For the reasons set forth below, the motion to strike be **GRANTED** as to Defense No. 32 and **DENIED** as to all other defenses.

1

## BACKGROUND

On March 7, 2024, Plaintiffs Milagro Nieves Ríos, Víctor J. Rivera Nieves, Vicmarie Rivera Nieves, Víctor M. Rivera López, Alexander Rivera Nieves, and Luz M. Rivera Caldero (collectively "Plaintiffs") filed a diversity tort suit for damages against Mennonite General Hospital, Inc., the Medical Protective Company, Carlos J. Fuentes-Matos d/b/a Valle De Paz Funeral Home, Cooperative de Seguros Múltiples de Puerto Rico, Jardín del Edén, Inc. ("Jardín del Edén"), Universal Insurance Company ("Universal"), unknown insurance companies A, B, and C, and unknown persons X, Y, and Z. (ECF No. 1).

On April 21, 2025, Defendants Jardín del Edén and Universal (jointly "Defendants") filed an Answer to Complaint and Crossclaim containing numerous affirmative defenses. (ECF No. 52). In response, Plaintiffs filed a motion to strike seven of the affirmative defenses for not being affirmative defenses, and to either strike or order the defendants to replead sixteen of the defenses for lack of factual foundation and failure to comply with the *Twombly-Iqbal* pleading standard. (ECF No. 55). Jardín del Edén and Universal opposed, arguing that Plaintiffs fail to show prejudice and that the *Twombly-Iqbal* pleading standard does not apply to affirmative defenses. (ECF No. 64). For the reasons stated below, the Court agrees.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because striking a pleading is a "drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Morell v. United States*, 185 F.R.D. 116, 117 (D.P.R. 1999) (cleaned up). To succeed, the movant must show that the allegations being challenged are completely immaterial with no question of law or fact to be decided

2

and that allowing them to remain will be prejudicial to the moving party. *Id.* at 117-18. A motion to strike affirmative defenses may also succeed if "the allegations confuse the issues and do not amount to a valid defense." *Asphaltos Trade, S.A. v. Bituven P.R., LLC*, 2021 U.S. Dist. LEXIS 48473 at *4, 2021 WL 965645 at *1 (D.P.R. March 15, 2021) (cleaned up).

## ANALYSIS

Plaintiffs are correct that not all the defenses raised by Universal and Jardín del Edén are properly brought as affirmative defenses. However, with one exception, Plaintiffs have not shown that the challenged allegations are completely immaterial, or that they are prejudiced by them moving forward. The Court will briefly discuss each of the categories of affirmative defenses: (I) failure to state a claim, (II) denials of liability, (III) improper venue, (IV) reservation of rights to amend, and (V) factually unsupported defenses.

### I.    Failure to State a Claim

Plaintiffs argue that Defendants' second affirmative defense, failure to state a claim, should be stricken and raised as a 12(b)(6) motion. (ECF No. 55 at 3). A failure to state a claim defense, however, can be raised at a later stage of the proceedings. In other words, there is no effect to striking it when it may be revitalized at a later point in the proceedings. *See Giraud v. Teamsters, Chauffeurs, Warehousemen & Helpers*, 46 F.R.D. 5, 6 (D.P.R. 1969) (denying a motion to strike a failure to state claim as an affirmative defense). And because Plaintiffs failed to show how they are prejudiced by leaving the defense undisturbed, the Court is cautious "about disturbing the pleadings unless such action is clearly warranted and where harm will be suffered by the adverse party." *Id.* (cleaned up); *Marrero-Rolon v. Autoridad de Energia Electrica de P.R.*, 2017 U.S. Dist. LEXIS 218432 at *11, 2017 WL 3584890 at *2 (D.P.R. Jan. 3, 2017) (denying motion to strike failure to state a claim affirmative defense for plaintiff's failure to show prejudice). Therefore, the claim to strike this affirmative defense is **DENIED**.

## II. Denial of Liability

Next, Plaintiffs argue that Defendants denials of liability are conclusory statements and not affirmative defenses and should therefore be stricken. (ECF No. 55 at 3-4); (ECF No. 52 ¶¶ 3, 4, 13, 21). True, denials of responsibility are not affirmative defenses but rather negative defenses. A "negative defense directly challenges the substance of the plaintiff's allegations." *Asphaltos Trade, S.A.*, 2021 U.S. Dist. LEXIS 48473 at *10, 2021 WL 965645 at *3 (cleaned up). In comparison, an affirmative defense "does not negate the elements of the plaintiff's claim, but instead precludes liability even if all the elements of the plaintiff's claim are proven." *Id.* (cleaned up). Contrary to Plaintiffs argument, even though defendant's denials of liability are mislabeled as affirmative defenses, a court is not required to strike the defenses. Rather, "in these situations the proper remedy is not [to] strike the claim, but rather to treat it as a specific denial." *Marrero-Rolon*, 2017 U.S. Dist. LEXIS 218432 at *10, 2017 WL 3584890 at *2 (cleaned up). Therefore, this category of affirmative defenses is **DENIED**.

## III. Improper Venue

Plaintiffs also ask the Court to strike Defendants' affirmative defense of improper venue, arguing that it "is waived if not raised by motion prior to or concurrently with the answer" and that Defendants "buried" it in their answer. (ECF No. 55 at 4). Plaintiffs are correct that "under Rule 12(h), improper venue must be raised in a 12(b)(3) motion or in the moving party's first responsive pleading." *R&R Auction v. Mueller*, 2019 U.S. Dist. LEXIS 232089 at *4, 2019 WL 9143420 at *2 (D.N.H. Aug. 26, 2019) (citing *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 691-92 (1st Cir. 1992)). Still, a motion to strike should only be granted when it is "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Again, Plaintiffs have failed to show how they are prejudiced by the affirmative defense remaining untouched. Because

4

Plaintiffs fail to show prejudice, the court **DENIES** striking this affirmative defense.

### IV. Reservation of rights to amend

Next, Plaintiffs argue that the Court should strike Defendants' statement in their affirmative defenses that they raise the right "to amend and/or supplement their affirmative defenses during the discovery process." (ECF No. 55 at 4); *see* (ECF No. 52 ¶ 32). This right, however, can only be granted by leave of the Court. Fed. R. Civ. P. 15. In other words, there is nothing gained by the Defendants attempting to reserve this right. When faced with this same issue, cases in this District have gone both ways: leaving it "as is" since the attempt does not in any way prejudice the plaintiffs, and choosing to strike the "legal nullity" that only undermines the fair notice requirement and creates ambiguity. *Compare Marrero-Rolon*, 2017 U.S. Dist. LEXIS at *13-14, 2017 WL 3584890 at *3 ("even though Defendants' inclusion of these two [reservation of rights] statements may not reflect exemplar pleading practice, the Court sees no reason to strike them") *with Asphaltos Trade, S.A.*, 2021 U.S. Dist. LEXIS at *12-13, 2021 WL 965645 at *4 (striking a reservation of rights affirmative defense since "they are nothing more than legal nullities that tend to undermine the fair notice requirement of Rule 8 of the Federal Rules of Civil Procedure and aim to circumvent the procedures established by Rule 15," and "inject ambiguity into the proceedings"). Given that this attempt at a reservation of right may inject ambiguity into the proceedings the Court **STRIKES** Defense No. 32.

### V. Factually unsupported and should be repleaded with particularity

Finally, Plaintiffs argue that Defendants' affirmative defenses 6-7, 10-11, 14-17, 22-28, and 30-31 were not pleaded with sufficient particularity to meet the threshold pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashford v. Iqbal*, 556 U.S. 662 (2009) and should therefore be stricken or repled with particularity. (ECF No. 55 at 4-6). In response, Defendants correctly point out that "this Court has previously concluded that affirmative defenses are not subject

5

to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." (ECF No. 64 at 3). The Court agrees.

The issue of whether the *Twombly-Iqbal* pleading standard, which focuses on Fed. R. Civ. P. 8(a)(2), applies to affirmative defenses is one that has divided district courts and one that the First Circuit has yet to decide. *See Asphaltos Trade, S.A.*, 2021 U.S. Dist. LEXIS 48473 at *6, 2021 WL 965645 at *2 ("higher courts have not made clear whether the plausibility pleading requirements outlined in *Twombly* and *Iqbal* apply to affirmative defenses"); *JMI v. Hosp. Metropolitano de la Montaña*, 2011 U.S. Dist. LEXIS 170281 at *6, 2011 WL 13174688 at *2 (D.P.R. Sept. 23, 2011) ("Whether the *Iqbal-Twombly* plausibility pleading standard applies to affirmative defenses – not just complaints – is an issue of first impression in this court. Neither the Supreme Court nor the First Circuit Court of Appeals (nor any district court within the First Circuit, for that matter) has indicated whether *Twombly* and *Iqbal* apply to affirmative defenses"); *Owen v. Am. Shipyard Co., LLC*, 2016 U.S. Dist. LEXIS 50312 at *3, 2016 WL 1465348 at *1 (D.R.I. Apr. 14, 2016) ("No United States Court of Appeals has weighed in on whether the *Twombly* and *Iqbal* plausibility standard applies to affirmative defenses, and the district courts that have considered it do not agree on an answer"); *Vazquez-Robles v. CommoLoCo, Inc.*, 186 F.Supp.3d 138, 148 (D.P.R. 2016) ("The Court is unaware of any circuit court of appeals that has decided the issue of whether the pleading standards of *Twombly* and *Iqbal* apply to affirmative defenses, and the district courts are split").

Here in the District of Puerto, courts have routinely held that the *Twombly-Iqbal* standard does not extend to affirmative defenses. *See Asphaltos Trade, S.A.*, 2021 U.S. Dist. LEXIS 48473 at *7, 2021 WL 965645 at *2 (declining to apply the *Twombly-Iqbal* to affirmative defenses); *JMI*, 2011 U.S. Dist. LEXIS 170281 at *6, 2011 WL 13174688 at *2-3 (same); *Vazquez-Robles*, 186 F.Supp.3d at 149 (same). And they have done so for good reasons. First, the pleading standards of a complaint are governed by

Federal Rule of Civil Procedure 8(a)(2), which uses different language than Federal Rule of Civil Procedure 8(c) which governs affirmative defenses. *Compare* Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief") with Fed. R. Civ. P. 8(c)(1) (requiring a party to "affirmatively state any avoidance or affirmative defense"). Second, plaintiffs generally have significantly more time to form their complaint than defendants do to form their response and any associated affirmative defenses. Lastly, uniformity in federal pleadings is the best practice. Therefore, the Court declines to extend the *Twombly-Iqbal* standard to affirmative defenses.

Finally, while it is true that many of Defendants' affirmative defenses use concise statements and boilerplate language, they satisfy the pleading requirements under Rule 8(c) and are not "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Therefore, the Court **DENIES** striking this group of defenses.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike is **GRANTED** as to Defense No. 32 and **DENIED** as to all other defenses.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of January 2026.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge
